**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
www.flsd.uscourts.gov

UNPLUG CO, LLC, d/b/a CAMP SNAP,

    Plaintiff,

CASE NO.:  9:25-CV-81392

v.

DIGIFILM, LLC,

    Defendant.

_____/

**COMPLAINT WITH JURY DEMAND**

Plaintiff Unplug Co., LLC, d/b/a Camp Snap ("Plaintiff" or "Camp Snap"), by way of Complaint against Defendant, DigiFilm, LLC ("Defendant" or "DigiFilm"), alleges and states as follows:

**INTRODUCTION**

1.    This action arises from Defendant's misappropriation of the design and packaging of a distinctive screenless, digital, hand-held camera (the "Product") with the intent of preying on the valuable goodwill generated by Plaintiff.

2.    After initially contacting Plaintiff requesting a bulk purchase of cameras allegedly for use with a church youth camp, Defendant instead used the purchased cameras to create and sell knockoff cameras. When Plaintiff objected to that use and copying, Defendant refused to cease use or to consider any limitation on its use of the Product trademark to avoid confusion in the marketplace.

3.    Despite the relatively short time period during which Defendant has been selling its knockoff product, significant consumer confusion has arisen in the marketplace, to the detriment of both Plaintiff and the consumers themselves.

4. Plaintiff is now left with no choice but to bring this lawsuit to enforce their valuable intellectual property rights and, in turn, prevent any further damage to the goodwill associated with their brand and the Product.

## THE PARTIES

5. Plaintiff Unplug Co., LLC, d/b/a Camp Snap is a Florida limited liability company having a principal place of business in California.

6. Upon information and belief, Defendant DigiFilm, LLC is a limited liability company having a principal place of business at 6772 W. Shannon Street, Chandler, Arizona 85226.

## JURISDICTION AND VENUE

7. Plaintiff brings this action against Defendant for trademark infringement, false designation of origin and unfair competition arising under the federal Trademark Act, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), specifically 15 U.S.C. § 1125.

8. Plaintiff also asserts claims pursuant to Fla. Stat. § 495.161 for Florida common law trademark infringement and unfair competition.

9. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

10. Moreover, this Court has supplemental jurisdiction for all non-federal causes of action under 28 U.S.C. § 1367(a), in that such state law claims are so related to Plaintiff's claims within the original jurisdiction of this Court that they form part of the same case or controversy.

11. This Court also has jurisdiction to enter injunctive relief pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

12. Furthermore, this Court has pendent jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for single trial.

13. This Court has personal jurisdiction over Defendant because, inter alia, Defendant is transacting and doing business within this District and/or Defendant's actions and misconduct caused injury to Plaintiff within the State of Florida. Further, upon information and belief, Defendant has taken and will continue to take actions, including without limitation, selling goods that infringe Plaintiff's mark, within the State of Florida.

14. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred and are occurring within in this District and/or Defendant is subject to this Court's personal jurisdiction with respect to the instant action.

## FACTUAL ALLEGATIONS

### *Camp Snap's Product*

15. As early as April of 2023, Plaintiff took the camera marketplace by storm with the release of its distinctive screenless, digital hand-held camera. Plaintiffs spent a considerable amount of time, resources and effort developing a fun and interactive way to capture memories packaged in a distinctive design.

16. The Camp Snap Product is a screenless, digital hand-held camera with a vintage design. The Product features an inverted conical lens base at the front of the camera along with a screenless back portion. The front of the Camp Snap camera features a split surface texture, with a horizontal faux-leather textured design on the bottom portion and a smooth portion on top. The top left of the camera features the CAMP SNAP trademark in a fun, stylized script. The back of the camera features an oval depression on the back. The camera is packaged in a colored cardboard

box matching the color of the camera. For example, the black camera is sold in a black cardboard box with the specific camera color (for example "Midnight Black") emblazoned on the side of the box in large block letters. The inside cover of the box features the CAMP SNAP trademark again featured in its fun stylized script lettering and a large QR code. These features collectively comprise the distinctive brand of the Camp Snap camera and are referred to hereinafter as the "Camp Snap Brand".



17.     The Camp Snap Brand has achieved significant praise throughout the United States as an economically priced, digital camera with the same fun, vintage feel and simplicity of a disposable camera but without the waste.

18.     Since as early as April 2023, Plaintiff has continuously used their Camp Snap Brand in a prominent and distinctive manner with their Product so as to distinguish themselves in the camera marketplace.

19.     Plaintiff markets the Camp Snap Brand throughout the country in a wide variety of physical and electronic media. This media includes websites and multiple social media platforms

targeting individuals in the United States. In addition, Plaintiff's website www.campsnapphoto.com is available throughout the country.

20. Plaintiff has spent over $5,000,000 on advertising and has advertised on social media platforms to the general consuming public. Plaintiff has also been featured on news channels and articles to discuss the Camp Snap Brand and product, such as Good Morning America, NBC, The New York Times, Vice, and others. Even just since 2023, Plaintiff has generated media impressions in excess of 13 billion, which is a testament to the strong goodwill generated in the Camp Snap Brand.

*DigiFilm Trademark Infringement*

21. On or about October 14, 2024, Matthew Younan ("Younan") reached out to Plaintiff via email requesting a bulk purchase of the Product for a "church youth camp."

22. Upon information and belief, approximately one week after Younan reached out to Plaintiff, in November 2024, DigiFilm LLC was formed by Younan.

23. In early 2025, Plaintiff learned that DigiFilm was making and selling a knockoff version of Plaintiff's camera.

24. On or about August 1, 2025, Plaintiff, through counsel, sent a cease-and-desist letter ("Cease and Desist Letter") to DigiFilm LLC requesting that they immediately cease the "manufacture, acquisition, promotion, advertising, sale or distribution of its look-alike camera." To this day, Defendant continues to sell Camp Snap Brand rip-offs without the permission of Plaintiff.

25. As is apparent from even a cursory glance, DigiFilm's cameras are nearly identical in appearance, packaging, and commercial impression to the Camp Snap Brand as pictured below. The DigiFilm camera copies or mimics each of the distinctive elements of the Camp Snap Brand.

 

26.     DigiFilm's copycat product features the exact small, rectangular, screen-free point and shoot frame as the Camp Snap Brand. Both cameras have an inverted conical lens base with a right-side flash window. The DigiFilm camera features the DigiFilm name in the upper left of the front face of the camera, written in an identical stylized script font to that used in the Camp Snap Brand. The face of the DigiFilm camera features an identical horizontal strike of fake-leather textured material and an upper smooth portion, just like the Camp Snap Brand.

27.     The reverse side of the DigiFilm camera features an identical oval-shaped depression in the identical location as featured in the Camp Snap Brand.



28.     DigiFilm's knock-off camera is also sold in a black box featuring the product color depicted on the side of the packaging in large block letters.



29. The inside of the DigiFilm box features the DigiFilm depicted in a stylized script font identical to that used in the Camp Snap Brand, along with a QR code also featured in the middle of the box.



30. By DigiFilm's own description, their camera is in fact the same type of product as the Camp Snap Brand. More specifically, DigiFilm describes its product as "a screen-free, retro-inspired camera designed for those who love to stay present." *See, eg.,* https://digifilmcamera.com/pages/about (last visited September 16, 2025).

31. Upon information and belief, DigiFilm product is sold to an identical class of customers through identical channels of trade for identical and competitive purposes to those of the Camp Snap Brand.

32. The unauthorized use of the Camp Snap Brand by DigiFilm has already led to confusion in the marketplace as to the source or sponsorship of DigiFilm's camera product, all to the detriment of Plaintiff's business, goodwill, and valuable trademark rights. Among other things, many customers have commented online that they are confused as to the source of the DigiFilm camera and whether it has been authorized by Plaintiff.

33. Plaintiff has also become aware of advertisements being circulated by DigiFilm that mimic advertising done by Plaintiff for its Camp Snap Product.

*34.* By way of example, Plaintiff runs one set of advertisements that begin with a view of the Camp Snap Product and then zoom into the viewfinder of the Product to reveal a variety of pictures that were taken using the Product. DigiFilms runs an identical advertisement featuring its knock-off DigiFilm camera.

35. Upon information and belief, the deceptive nature of the advertisement is an intentional, willful attempt to take advantage of Plaintiff's rights and the goodwill Plaintiff has painstakingly built up in the Camp Snap Brand.

36. The deceptive, unfair, and anti-competitive nature of the advertisement was brought to DigiFilm's attention via the Cease and Desist Letter. In the letter, Plaintiff respectfully requested that DigiFilm their promotion and advertisement of the look-alike Product.

37. Upon information and belief, the advertisements have neither been removed, retracted, or corrected (formally or informally).

## FIRST COUNT
### (Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))

38. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37 as if stated fully herein.

39. Defendant's use in commerce of the design, packaging, and other brand elements of the Camp Snap Brand with its own DigiFilm camera is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's goods or services are authorized, sponsored or approved by or are affiliated with Plaintiff.

40. DigiFilm uses these brand elements on an identical product sold to an identical set of consumers through overlapping channels of trade, and does so using advertisements intentionally designed to play on the goodwill of Plaintiff in its Camp Snap Brand.

41. Indeed, actual consumer confusion has already arisen even in the short time DigiFilm has been selling its product.

42. The above-described acts of Defendant constitute trademark infringement of Plaintiff's Camp Snap Brand and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiff to relief.

43. Defendant has unfairly profited from the actions alleged.

44. By reason of the above-described acts of Defendant, Plaintiff has suffered damage to the goodwill associated with Plaintiff's Camp Snap Brand.

45. The above-described acts of Defendant have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and Plaintiff's Camp Snap Brand.

46. By reason of the above-described acts of Defendant, Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted. Accordingly, Plaintiff is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

47. Because the above-described acts of Defendant were willful, Plaintiff is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

48. Further, this is an exceptional case entitling Plaintiff for an award of attorneys' fees under 15 U.S.C. § 1117.

## SECOND COUNT
### (Trademark Infringement Under Florida Common Law)

49. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37 as if stated fully herein.

50. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

51. Defendant's sale of its DigiFilm camera as described above constitutes trademark infringement of Plaintiff's rights in its Camp Snap Brand in violation of the common law of the State of Florida.

52. By reason of Defendant's acts of trademark infringement, Plaintiff has suffered and will continue to suffer irreparable injury to the goodwill associated with Plaintiff's Camp Snap Brand.

53. The aforementioned acts constitute trademark infringement under the common law of Florida.

## THIRD COUNT
### (Unfair Competition under Florida Common Law)

54. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37 as if stated fully herein.

55. This Court has supplemental jurisdiction over this cause of action and has jurisdiction pursuant to 28 U.S.C. § 1338(b).

56. Defendant's unauthorized use of the design and packaging trademark of the Product in a manner that is confusingly and deceptively similar to Plaintiff's Camp Snap Brand constitutes an impermissible appropriation under the common law of Florida.

57. By reason of Defendant's acts of unfair competition, Plaintiff has suffered and will continue to suffer irreparable injury to the goodwill associated with Plaintiff's Camp Snap Brand.

58. Plaintiff is entitled to an injunction against such practices, and entitled to damages pursuant to the common law of Florida.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

1) That the Court enter a judgment against Defendant that Defendant has:

   (a) Willfully infringed the rights of Plaintiff in its Camp Snap Brand in violation of 15 U.S.C. § 1125; and

   (b) Willfully infringed the rights of Plaintiff in its Camp Snap Brand in violation of Florida common law.

2) That the Court issue a permanent injunction order enjoining and restraining Defendant and its agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant:

    (a)    From engaging in any infringing activity including advertising, promoting, marketing, selling and offering for sale, any services in connection with the infringing the Product trademark or any mark similar to Plaintiff's Camp Snap Brand; and

    (b)    Requiring Defendant to deliver up to Plaintiff for destruction any and all packaging, advertising and promotional materials in Defendant's possession, custody or control, which contain the infringing Product trademark.

3) That Plaintiff be awarded damages for Defendant's trademark infringement and violation of Florida common law.

4) That Plaintiff be awarded all profits resulting from Defendant's infringement of Plaintiff's rights and by means of Defendant's unfair competition with Plaintiff.

5) That Defendant be ordered to account for and disgorge to Plaintiff all amounts by which Defendant has been unjustly enriched by reason of the unlawful acts complained of.

6) That damages resulting from Defendant's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117 or Florida common law as applicable.

7) That Plaintiff be awarded exemplary or punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

8) For prejudgment interest on all infringement damages.

9) That the Court award Plaintiff its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, Florida common law, and any other applicable provision of law.

10) That the Court award Plaintiff its costs of suit incurred herein.

11) For such other or further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues triable by jury.

Dated:   Boca Raton, Florida
        November 10, 2025

COLE SCHOTZ P.C.

*Attorneys for Plaintiff, Camp Snap, LLC*

By:   */s/ Matthew A. Barish*
Matthew A. Barish, Esq.
Florida Bar No. 1044026
One Boca Place
2255 Glades Road, Suite 300E
Boca Raton, Florida 33431
(646) 563-8958
mbarish@coleschotz.com

William W. Stroever, Esq.
(*pro hac vice forthcoming*)
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602
(201) 525-6237
wstroever@coleschotz.com

Tiffany Castillo, Esq.
(*pro hac vice forthcoming*)
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602
(201) 561-7037
Tcastillo@coleschotz.com